**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41663
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE ALBERTO GARCIA-MEJIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-704
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rene Alberto Garcia-Mejia appeals from his guilty-plea conviction for being found in the United States after previous deportation. For the first time on appeal, Garcia-Mejia argues that the district court erred by sentencing him under the mandatory sentencing scheme held unconstitutional in United States v. Booker, 543 U.S. 220 (2005), an argument that has been termed "Fanfan error." United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). He also contends that Fanfan error is structural in nature. We need not decide the applicability of

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the waiver provision in this case because the issues that Garcia-Mejia raises are either foreclosed or lack arguable merit.

Fanfan error meets the first two prongs of the plain error analysis but is not structural in nature. United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005). Because Garcia-Mejia has failed to demonstrate that the sentencing judge would have reached a different result if an advisory sentencing scheme had been utilized, his claim of Fanfan error does not warrant relief. See id. at 601.

Garcia-Mejia also argues that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional. Garcia-Mejia's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Garcia-Mejia contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Garcia-Mejia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the district court's judgment is AFFIRMED.